UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DENNY LEE NEWMAN, JR,

    PLAINTIFF,

-vs-                                      Case No. 5:16-cv-00002-WTH-GRJ

DR. MOSES IZUEGBU and NURSE LESLIE KEEL,[1]

    DEFENDANTS.
_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated April 20, 2017. (Doc. 29). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). None were timely filed.

Objections were due fourteen days after plaintiff was served with the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). Even if the mail took ten days to deliver the Report and Recommendation to plaintiff, objections would have been due by May 14, 2017. Plaintiff did not deliver any response to prison mail officials by that date. On May 22, 2017, however, the Clerk received a

---

[1] In the affidavits attached to Defendants' Motion for Summary Judgment, ECF No. 22, the defendants indicate their proper names. *See* Izuegbu Aff. ¶ 2 and Keel Aff. ¶ 2. The Clerk is directed to update the names of the defendants in the CMECF system to MOSES IZUEGBU and LESLIE KEEL.

"Notice of Intent to Appeal Dismissal of Above Case Immediately" filed by plaintiff, which he also entitled "Request Extension Time to File Proper Response" [sic]. In the document, he avers that he delivered it to prison officials on "7/18/17", a date which had not yet occurred at the time the Clerk's Office received the filing. Moreover, even if the Court assumes that he meant "5/18/2017", and the Court construes this document as his request for an extension of time to file objections, such request was untimely filed because objections were due under even the most lenient of time frames by May 14, 2017. In this document, plaintiff did not allege any delay or other impediment to him timely filing it. Thus, the request for extension of time is denied.

Also, although normally a filing entitled "Notice of Intent to Appeal" would divest the district court of jurisdiction, the Eleventh Circuit has held that "filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction [in a case where] the appealed order was clearly unappealable and the notice of appeal thus 'manifestly ineffective.'" *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979), *superseded by statute on different grounds*, Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473. Here, the notice of appeal was filed in response to the Report and Recommendation, which is not an order of the Court at all; thus, it cannot be a final, appealable order. As such, the notice of appeal is manifestly ineffective and should not deprive this Court of jurisdiction to rule on the Report and Recommendation.

Having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted. Defendants were simply not indifferent to plaintiff's medical needs; they simply adopted a different course of treatment than plaintiff thought was appropriate. Also, the undisputed medical evidence shows that any lack of medication suffered by plaintiff was due to his own lack of compliance rather than the inaction of medical staff.

Accordingly, it is hereby

ORDERED AND ADJUDGED:

1. The Magistrate Judge's Report and Recommendation, ECF No. 29, is adopted and incorporated by reference in this order.

2. The Clerk is directed to enter a judgment as follows: "The defendants' Motion for Summary Judgment, ECF No. 22, is granted." The Clerk is directed to close the file.

3. The plaintiff is advised that the document at ECF No. 30 was ineffective as a notice of appeal. He must, therefore, file a timely notice of appeal of this Order to preserve whatever appellate rights he has.

DONE and ORDERED at Gainesville, Florida this 25th day of October, 2017.

*[signature]*

UNITED STATES DISTRICT JUDGE